UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH ROBERT HUGHES, <br><br> Plaintiff, <br><br> v. <br><br> IDOC MIAMI CORRECTIONAL FACILITY, <br><br> Defendant. | CAUSE NO.: 3:24-CV-73-TLS-JEM |

**OPINION AND ORDER**

Kenneth Robert Hughes, a prisoner without a lawyer, filed a Complaint against "IDOC Miami Correctional Facility," seeking damages for an incident in which he was assaulted and severely injured by another prisoner. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This case cannot proceed against the Indiana Department of Correction or Miami Correctional Facility because neither is a proper defendant in a 42 U.S.C. § 1983 claim alleging a failure to protect under the Eighth Amendment. The Indiana Department of Correction is an arm of the State and therefore cannot be sued for money damages under § 1983. *See* Ind. Code § 11-8-2-1 ("There is established in the executive branch of state government a department of correction."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a

State nor its officials acting in their official capacities are 'persons' under § 1983."). Additionally, Miami Correctional Facility is a building. It is not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Therefore, Hughes will be given the opportunity to file an amended complaint that names a proper defendant. "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (cleaned up). But "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, in order for a defendant to be held liable under § 1983 on a claim against prison officials for failure to protect, a prisoner must establish that the defendant had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Put another way, the defendants must have "acted with the equivalent of criminal recklessness, in this context meaning that they were actually aware of a substantial risk of harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). It is not enough if the defendant was merely negligent, *i.e.*, that he should have been aware of a risk to Hughes' safety but was not. *See Payne for Hicks v. Churchich*, 161 F.3d 1030, 1042 (7th Cir. 1998).

Thus, if Hughes believes he can state a claim based on (and consistent with) the events described in this Complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14**

2

**(INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court hereby:

(1) GRANTS Kenneth Robert Hughes until **May 27, 2024**, to file an amended complaint; and

(2) CAUTIONS Kenneth Robert Hughes if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 23, 2024.

                                                  s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT